UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON,

    Petitioner,                       No. 2:12-cv-3032 AC P

   vs.

B. GOWER, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding in which he was found guilty of participating in a riot. ECF No. 1. Pending before the court is respondent's motion to dismiss, ECF No. 13, filed on February 12, 2013, which is fully briefed.

       Petition

       On August 22, 2011, petitioner was found guilty in a disciplinary proceeding at Centinela State Prison of participation in a riot in violation of 15 Cal. Code Regs. § 3005(d)(1), a Division "D" offense. Petition at 17, 41 (copy of hearing transcript for Rules Violation Report FC-11-07-144); see also Resp. Ex. 8, ECF No. 13-8 at 40. The grounds of petitioner's challenge are: (1) insufficient evidence to support a finding of a guilt in violation of his right to due process and (2) actual innocence of the disciplinary charge. Petition at 1-2, 6-12.

1

1   Petitioner was assessed a 90-day behavioral credit forfeiture as well as a ten-day
2   loss of privileges "to include Ad-Seg yard." Petition at 17, 41. Petitioner seeks to have the
3   rules violation report ("RVR") expunged. Id. at 11. Petitioner contends as a result of the
4   disciplinary decision a SHU (security housing unit) term was "imposed unlawfully" and that he
5   is "being denied privileges." Id. at 1, 13.

6   Motion to Dismiss

7   Respondent moves for dismissal of the petition, contending that: (1) the petition is
8   moot because petitioner's lost credits were restored prior to the filing of the instant petition; (2)
9   federal habeas jurisdiction is absent because the petition cannot affect the fact or duration of
10  petitioner's confinement; (3) the claims are procedurally defaulted because petitioner failed to
11  exhaust his administrative remedies as required by California law; (4) the petition is unexhausted
12  because the state courts did not reach the merits of his claims. ECF No. 13 at 3-6.

13  Discussion

14  *This Court Lacks Jurisdiction*

15  Habeas corpus jurisdiction extends to a prisoner's claim that he has been deprived
16  of due process in prison disciplinary proceedings, *if* expungement of the disciplinary decision is
17  "likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267,
18  1269 (9th Cir. 1989). This rule follows from the basic principle that habeas provides the remedy
19  for constitutional violations affecting the fact or duration of custody. Id. (citing Preiser v.
20  Rodriguez, 411 U.S. 475, 487-88 (1973)); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)
21  (when claim would not "necessarily spell speedier release," it falls outside the scope of habeas
22  jurisdiction). Where a prison disciplinary finding has a non-speculative relationship to the actual
23  duration of confinement, it therefore comes within the scope of habeas jurisdiction; otherwise it
24  does not. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063
25  (2004).

26  The court will assume for purposes of analysis that the permanent forfeiture of

2

good time credits in this case would have had a sufficient nexus to petitioner's eventual release date to support habeas jurisdiction.[1] However, the credits that petitioner lost as the result of the challenged disciplinary decision were restored before the petition was filed. Respondent's Exhibit 1 is a classification committee program review form (CDCR Form 128G) dated August 28, 2012, which states, in relevant part:

> Subject requested restoration of credit on RVR Log# FC-11-07-144, dated 7-16-11, for Participation in a Riot. Subject was found guilty and assessed 90 days loss of credit for the Division D[] offense. Committee notes, Subject is eligible for restoration of credit on the RVR. Therefore, committee elects to restore 90 days of credit on RVR Log# FC-11-07-144, dated 7-16-11, and refer the case to the CCRA for time computation.

Resp. Ex. 1, ECF No. 13-1, at 2.

The subsequent restoration of credits is documented in petitioner's Legal Status Summary sheet, Respondent's Exhibit 2 (ECF No. 13-2) at 3, and in petitioner's CDCR Chronological History, Respondent's Exhibit 3 (ECF No. 13-3). The latter document contains the following entry dated September 18, 2012: "WCR 90 Days, Log # 1107144, 128G DTD 8/28/12, Correction to Credit Applied Through Date On Previous Calculation Sheet." Respondent explains that this means that 90 days of work credit were restored for RVR Log No. 1107144, pursuant to the CDCR 128G dated August 28, 2012.[2] The federal petition was dated November 4, 2012, and file-stamped on November 9, 2012. ECF No. 1.

Petitioner pursued habeas relief in the state courts before filing his federal

---

[1] The parties do not discuss petitioner's sentence or precisely how (if at all) good time credits would affect calculation of his eventual release date. It appears from the correctional records provided that petitioner is serving a determinate term of 15 years, 8 months. See Resp. Ex. 2, ECF No. 13-2 at 2 (legal status summary). This document indicates a minimum release date of September 22, 2021 and a maximum release date of April 25, 2022. Pursuant to a complicated regulatory and computation regime, disciplinary credit losses do affect ultimate release dates. See Cal. Penal Code §§ 2932, 2933; 15 Cal. Code Regs. §§ 3323 - 3328. Accordingly, the court will assume that the forfeiture of credits, if sustained, would have affected eventual calculation of when between September 2021 and April 2022 petitioner would be released.

[2] The process for restoration of credit forfeiture is governed by 15 Cal. Code Regs. §§ 3327, 3328.

petition.  See ECF No. 1 at 48-51.  It appears that his credits were restored during the course of those exhaustion proceedings.  In any event, at the time that the federal petition was filed petitioner no longer suffered a credit loss as the result of the disputed disciplinary proceeding. Because the lost credits were the only consequence of the disciplinary finding that would "necessarily spell speedier release," Wilkinson, 544 U.S. at 82, there is insufficient nexus between petitioner's claims and the duration of his custody to support jurisdiction in this court.

Petitioner seeks expungement of the RVR notwithstanding the restoration of credits, arguing that restoration is "irrelevant" because he "still suffers the onus of being convicted of a crime [sic] that he did not commit . . ." Opposition (Opp.), ECF No. 14 at 2.  He argues that the purpose of his petition is "to have the disciplinary action set aside to vindicate his name, expunge the false information from his C-file, and remove the Security Housing Unit (SHU) Term conviction from his file and all other false information . . . ." Id.  He asserts that the disciplinary finding is "used to house petitioner on a higher security level prison and . . . to deny him rights" to which he is entitled under Title 15 of the California Code of Regulations Title 15 and the Department Operations Manual.³  Id.  Petitioner makes no showing, however, that expungement would have a likely effect on the fact or duration of his custody.  Accordingly, these considerations do not support the existence of habeas jurisdiction.  See Bailey v. Hill, 599 F.3d 976, 980-81 (9th Cir. 2010) (district court lacked habeas jurisdiction where remedy petitioner sought - elimination or alteration of restitution order - did not directly impact, and was not directed at the source of the restraint on, petitioner's liberty).

*The Case Is Moot*

In the alternative, the restoration of credits requires the conclusion that this case is

---

³ The record reflects that petitioner received a SHU (security housing unit) term for the offense, and that his SHU term was extended on grounds of continued security concerns.  See ECF No. 1 at 23.  Petitioner is no longer serving a term of punitive confinement related to this incident, although he contends that his security classification continues to be adversely affected by the RVR at issue.  Like the credit forfeiture, the SHU term ended before this case began.

moot. See Wilson v. Terhune, 319 F.3d 477 (9th Cir. 2003). A case becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 8 (1998). In a habeas case attacking the validity of a prisoner's conviction and criminal sentence, completion of the sentence does not moot the case because the collateral consequences of the conviction create a continuing case or controversy. Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994). The presumption of collateral consequences does not apply to habeas cases challenging prison disciplinary decisions, however. Wilson, 319 F.3d at 480.

In Wilson, a California inmate challenged a disciplinary finding related to an escape, and sought expungement of the RVR. By the time the federal petition was filed, all the punishment directly imposed for the disciplinary violation had been withdrawn or completed. The Ninth Circuit held that the case was moot because (1) collateral consequences could not be presumed, and (2) the inmate's other asserted adverse effects from the RVR failed to support the existence of a continuing case or controversy within the meaning of Article III.

As in Wilson, all the punishment imposed for the violation in this case has been withdrawn or completed, and the ongoing consequences of the RVR fail to satisfy the case or controversy requirement. Petitioner's desire for personal vindication does not prevent mootness. Neither does the possibility that "that the [RVR] will affect 'classification, institutional and housing assignments, and privileges,' and that a serious rules violation may result in a delay or denial of parole." Wilson, 319 F.3d at 480. The undersigned is bound by the Ninth Circuit's holding that because such institutional decisions are largely discretionary, the alleged negative consequences of the RVR are too speculative to prevent mootness. Id. at 480-82.

This case is factually distinguishable from Wilson in that petitioner here vigorously disputes his guilt of the underlying disciplinary offense. See id. at 482 (noting that Wilson did not dispute the fact of his escape, and that the escape itself could support adverse classification and parole decisions independently of the RVR). This distinction is without a difference, however, because petitioner's prison record like Wilson's contains independent bases

5

1 for the adverse custodial decisions that he insists would follow from the persistence of the RVR
2 in his file.  The record before the court reflect the fact that petitioner suffered a prior credit loss
3 for a prior violation of 15 Cal. Code Regs. § 3005(d)(1).  See ECF No. 13-2 at 3 (legal status
4 summary, documenting 61-day credit loss on January 29, 2010, per Log No. 0109ASU00).  This
5 would explain, without consideration of the disputed 2011 incident, the reference in the August
6 28, 2012 classification chrono to "participating in or inciting a riot within the last three years."
7 See ECF No. 13-1 at 2.  Other records reflect a history of disciplinary violations.  ECF Nos. 13-
8 2, 13-3.  References to petitioner as a "management concern," see ECF No. 13-1 at 2, are
9 supported by that history without reference to the disputed RVR.

10 Despite petitioner's other disciplinary history, and contrary to his claim that he
11 has been subjected to heightened classification with fewer privileges as the result of the "false"
12 RVR,  petitioner's custody level was *reduced* at the same time that his credits were restored.
13 This adjustment was made on grounds that petitioner had remained discipline-free for the year
14 since the alleged incident.  Id.  Any subsequent or future change in classification cannot reliably
15 be attributed to the disputed RVR.

16 This case is directly governed by Wilson.  In sum, because petitioner's credits
17 were restored and he is not currently experiencing any consequence of the RVR that meets the
18 case or controversy requirement, the case is moot.

19 *Conclusion*

20 Because the case must be dismissed on the alternate grounds of mootness and lack
21 of jurisdiction, the court need not and does not reach the additional grounds that respondent
22 presents for dismissal.

23 Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United
24 States District Courts, "[t]he district court must issue or a deny a certificate of appealability
25 when it enters a final order adverse to the applicant."  A certificate of appealability may issue
26 under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, the undersigned finds that petitioner has not made a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability should issue.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted on the alternate grounds that the petition is moot and that it does not come within this court's habeas corpus jurisdiction;

2. A certificate of appealabilty be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
john3032.mtd

7